UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM A. SMITH,

    Plaintiff,

v.                                               Case No. 08-14986
                                               Honorable Patrick J. Duggan

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING MATTER FOR FURTHER REVIEW

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 24, 2010.

      PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                                U.S. DISTRICT COURT JUDGE

Plaintiff applied for Social Security Disability Insurance Benefits on September 20, 2007, alleging that he became disabled on July 18, 2005. The Social Security Administration denied Plaintiff's request for benefits initially. Upon Plaintiff's request, a hearing before an administrative law judge ("ALJ") was held on June 4, 2008. The ALJ found that Plaintiff was not disabled in a decision dated October 10, 2008. The Appeals Council, after reviewing additional documents submitted by Plaintiff, denied Plaintiff's request for review on November 21, 2008. Thus the ALJ's decision became the final

1

decision of the Social Security Commissioner ("Commissioner"). Plaintiff thereafter initiated the pending action.

Both parties have filed motions for summary judgment, which this Court referred to Magistrate Judge Michael Hluchaniuk. On February 22, 2010, Magistrate Judge Hluchaniuk filed his Report and Recommendation (R&R) recommending that this Court deny Plaintiff's and the Commissioner's motions and remand the matter to the Commissioner for further review consistent with the R&R. At the conclusion of the R&R, Magistrate Judge Hluchaniuk advises the parties that they may object and seek review of the R&R within fourteen days of service upon them. (R&R at 32.) Magistrate Judge Hluchaniuk specifically warns the parties that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.*)

Plaintiff filed objections to the R&R on March 5, 2010. The Commissioner filed a response to Plaintiff's objections on March 19, 2010. The matter now is ripe for this Court's review.

## **Standard of Review**

Under 42 U.S.C. Section 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

The court reviews *de novo* the parts of an R&R to which a party objects. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Id*.

## Analysis

An ALJ considering a disability claim is required to follow a five-step process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further. *Id*. However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id*. "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step

3

without a finding that the claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step sequential process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).[1]

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).[2]

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.[3] *Id*.

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work.[4] 20 C.F.R. § 404.1520(a)(4)(iv).

---

[1]The ALJ concluded that Plaintiff had not engaged in substantial gainful activity since July 18, 2005. (A.R. at 31.)

[2]The ALJ concluded that Plaintiff had the following severe impairments: status post left (non dominant) shoulder surgery. (A.R. at 31.)

[3]The ALJ analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not. *(*A.R. at 31.)

[4]The ALJ found that Plaintiff would have the residual functional capacity to:

4

5. At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work. 20 C.F.R. § 404.1420(a)(4)(v). If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled.[5] *Id*.

Magistrate Judge Hluchaniuk found several errors in the ALJ's analysis.

Magistrate Judge Hluchaniuk found that the ALJ's stated reasons for finding Plaintiff not credible and disregarding his treating physician's opinion were not supported by the evidence in the record. The magistrate judge also concluded that the ALJ's decision reflects a failure to examine and consider medical and other evidence in the record. Magistrate Judge Hluchaniuk was troubled by the ALJ's use of Plaintiff's continued smoking against medical advice to support his credibility findings, particularly where Plaintiff's disability is not-related to the negative effects of smoking. Magistrate Judge Hluchaniuk therefore recommended that the matter be remanded to the Commissioner for further review.

As indicated previously, Plaintiff filed objections to the R&R. Not surprisingly,

---

to perform light work as defined in 20 CFR 404.1567(b) as follows: sit/stand/walk for 6 out of 8 hours with normal breaks; lift and/or carry a maximum of 20 pounds occasionally and 10 pounds frequently; occasionally climb ladders, ropes, or scaffolds and occasionally crawl; with the left non-dominant upper extremity could never engage in overhead reaching.

(A.R. at 32.) The ALJ further concluded that, based on these limitations, Plaintiff could not perform his past work as a bricklayer. (A.R. at 34.)

[5]The ALJ determined that considering Plaintiff's age, educational background, work experience, and residual functional capacity, there are a significant number of jobs in the national economy that Plaintiff can perform. (A.R. at 35.) The ALJ therefore concluded that Plaintiff is not under a "disability" as defined in the Social Security Act. (*Id.*)

Plaintiff does not disagree with the magistrate judge's analysis of the ALJ's decision. He does disagree, however, with the magistrate judge's recommended method for resolving the error. Plaintiff argues that, instead of remanding the matter for further evaluation, the matter should be remanded to the Commissioner for calculation and payment of benefits. The Commissioner argues in response that, pursuant to Sixth Circuit precedent (as opposed to the Ninth Circuit decisions on which Plaintiff relies), a judicial award of benefits cannot be made and the matter must be remanded for further evaluation by the Commissioner.

The Commissioner is correct. As the Sixth Circuit has instructed: "A judicial review of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Kennedy v. Astrue*, 247 Fed. App'x 761, 768 (6th Cir. 2007) (citing *Mowery v. Sec'y of Health and Human Servs.*, 771 F.2d 966, 973 (6th Cir. 1985). This is not the case here.

Therefore, the Court concurs with Magistrate Judge Hluchaniuk that this matter must be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Because the Court also agrees with Magistrate Judge Hluchaniuk that the ALJ's decision was not supported by substantial evidence, it is granting in part Plaintiff's motion for summary judgment (rather than denying it completely as recommended in the R&R).

Accordingly,

**IT IS ORDERED**, that the Court adopts Magistrate Judge Hluchaniuk's Report and Recommendation to **REVERSE** the decision of the Commissioner and **REMAND**

for further proceedings consistent with the R&R pursuant to Sentence four of 42 U.S.C. § 405(g);

**IT IS FURTHER ORDERED**, that Plaintiff's motion for summary judgment is **GRANTED IN PART AND DENIED IN PART** and the Commissioner's motion for summary judgment is **DENIED**.

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:
Kenneth F. Laritz, Esq.
AUSA Judith Levy
Magistrate Judge Michael Hluchaniuk